UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD PACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24 CV 1658 CDP |
| | ) | |
| CITY OF SAINT ANN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on motions to dismiss filed by defendants Missouri Highway Patrol Trooper Joseph Bondurant and the City of St. Ann. ECF 10, 22-1. Plaintiff, a self-represented litigant, opposes Trooper Bondurant's motion. ECF 15, 16. Plaintiff did not file a timely opposition to the City's motion. ECF 26 (ordering plaintiff to file an opposition to City's motion to dismiss by April 4, 2025). However, on April 28, 2025, plaintiff filed a two-page document claiming that this case "rests upon the judgment in his favor that was reached in the class action suit that the plaintiff withdrew from" and that the statute of limitations should be extended to 2028 because he did not discover the violation of his rights for four years. ECF 29. Although untimely filed, the Court has considered this filing as plaintiff's opposition to the City's motion to dismiss.

For the reasons set forth below, defendants' motions are granted and this case is dismissed.

## **Background**

On December 9, 2024, plaintiff filed his complaint using the Court's form complaint. He lists 42 U.S.C. § 1983, 28 U.S.C. § 2201, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution as the provisions that are at issue. ECF 1. His statement of claims section reads, in its entirety:

1.December 6, 2019 at approximately 23: 1 7 hours DEFENDANT Joseph BonDurant signals for PLAINTIFF Richard Pack to pull over near mile-marker 235 on Eastbound Highway i70.

2. DEFENDANT states that PLAINTIFF exceeded the speed limit and failed to signal while turning.

3. PLAINTIFF was calm and cooperative at all times.

4. DEFENDANT asked the PLAINTIFF where he was coming from . PLAINTIFF responded, "I am coming from work." DEFENDANT asked for the location of the PLAINTIFF's work. When PLAINTIFF refused to disclose his place of business the DEFENDANT became upset and commanded the PLAINTIFF to step out of the automobile where he was placed in handcuffs.

5. DEFENDANT stated something to the affect of, "We could have done things the easy way but now we're going to do things the hard way because you have a warrant."

6. PLAINTIFF was placed under arrest and transported along with a portion of his property to the Saint Ann Jail, without being shown a warrant of any kind, where he spent an unknown period of time before being released.

7. PLAINTIFF was then forced to walk approximately 3 miles back to his automobile which had been left on the shoulder of the interstate. It is important to note that the PLAINTIFF made multiple requests to follow the DEFENDANT to the police station so that his equipment would be safe and his automobile not left on the side of the interstate. The automobile did not

lock and the equipment was very heavy and very expensive. These calm and rational requests by the PLAINTIFF were denied by the DEFENDANT. It is also important to note that this incident occurred late at night and early morning in December and it was very cold. This caused the PLAINTIFF a great deal of uneccesary pain and discomfort as he was not prepared for a 3 mile hike in the dark carrying fragile equipment.

8. The PLAINTIFF was released without seeing a Judge or Magistrate but was given a court date for the alleged warrant and citations for the alleged offenses that were the initial cause for the confrontation.

9. To add insult to injury the PLAINTIFF was en route to see his dying father in hospice who was expecting his only child (the PLAINTIFF) to visit late that night after work. The pain experienced by the PLAINTIFF and family when the PLAINTIFF could not show up and could not call or communicate about his absence resulted in damage that cannot be undone and the PLAINTIFF'S father died a short time following this incident. Furthermore, after demonstrating that no evidence existed showing the alleged arrest warrant was rightfully issued, all charges associated with the warrant were dropped against the PLAINTIFF showing that there was no need for any arrest and/or imprisonment in the first place.

10. Lastly, the citations issued concerning the initial cause for the confrontation were nowhere to be found on the docket on the morning of the court date.

ECF 1 (in original).[1]  He seeks $10,000 in damages for "loss of personal time, loss of precious and irreplaceable time with family and loved ones, pain and suffering, mental anguish and distress, and a minimal amount in lost wages due to multiple

---

[1] Plaintiff filed, but then withdrew, an amended complaint because he inadvertently filed the amended complaint for another case (4:24 CV 1120 JAR) in this action.  ECF 5, 7.  Therefore, the original complaint is the operative complaint in this case, and all factual allegations contained therein appear above.

unnecessary court appearance and time associated with preparing for and traveling to and from."  ECF 1 at 8.

Trooper Bondurant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on January 5, 2025.  He seeks dismissal of the complaint as barred by the applicable statute of limitations and asserts sovereign immunity as to any official capacity claims and qualified immunity as to any individual capacity claims.  In opposition to dismissal, plaintiff clarifies that he brings only individual capacity claims against Trooper Bondurant.[2]  He argues that under *Haines v. Kerner*, 404 U.S. 519 (1972), "[a] Pro Se Litigant's claim cannot be dismissed for failure to state a claim upon which the court can grant relief."[3]  ECF 16 at 1. Plaintiff contends that he has stated claims against Trooper Bondurant because he opted out of a settled class action, *Thomas, et al., v. City of St. Ann*, 4:16CV1302 SEP.  Plaintiff argues that Trooper Bondurant is not entitled to qualified immunity because he infringed on his right to travel and arrested him without a "lawfully issued warrant."  ECF 16 at 4.  Finally, plaintiff concedes that he missed the statute

---

[2] He claims that Trooper Bondurant is an "individual proprietor" and not an agent of the State. ECF 15 at 2-3.

[3] *Haines v. Kerner* does not stand for this proposition.  While the Supreme Court in *Haines* clarified that allegations in pro se complaints are held to a "less stringent standard" compared to pleadings drafted by attorneys, the Court did not permit pro se litigants to completely avoid dismissal under Federal Rule of Procedure 12(b)(6) when a complaint's allegations are insufficient to state a claim.  *Haines*, 404 U.S. at 520–21.

of limitations for filing this case but argues that the Court should excuse his untimely filing due to his confusion over his two cases (this case and the case before the Honorable Judge Ross, 4: 24 CV 1120 JAR) against the City.

The City also moves to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because plaintiff's complaint is time-barred and contains no allegations of municipal liability.   As stated above, plaintiff has not opposed the City's motion to dismiss and his time for doing so has expired.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  In ruling on such a motion, I must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 657 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570) (2007)); *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 795 (8th Cir. 2021) (same).

A claim is facially plausible where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 657.  This requires "more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678.  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (cleaned up).  Legal conclusions "must be supported by factual allegations." *Id.* at 679.  Absent such support, the Court "is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (cleaned up).

## Discussion

Plaintiff alleges that he brings his claims under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, the Declaratory Judgment Act.  As plaintiff seeks only monetary relief, the Declaratory Judgment Act does not apply to this case.  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.  To state a claim under § 1983, plaintiff must prove: "(1) a violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001) (cleaned up).

6

<u>Plaintiff's Claims are Time-Barred</u>

There is no statute of limitations in 42 U.S.C. § 1983.  The United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims."  *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2001) (citing *Wilson v. Garcia,* 471 U.S. 261, 279–80 (1985), *superseded on other grounds by* 28 U.S.C. § 1658(a), *as recognized in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 379–80 (2004)).  For cases arising in Missouri, the five-year statute of limitations for personal injury actions applies to § 1983 actions.  *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005).

Dismissal for failure to state a claim due to untimeliness is appropriate "when it appears from the face of the complaint itself that the limitation period has run."  *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (cleaned up).  "[I]f it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled."  *Id.*

When a § 1983 claim accrues "is a question of federal law."  *Wallace v. Keto*, 549 U.S. 384, 388 (2007).  It is the "standard rule that accrual occurs when the plaintiff has a complete and present cause of action."  *Id.* (cleaned up).  Here,

7

plaintiff's claims arising out of his traffic stop and arrest accrued on December 6, 2019. *See*, *id.* at 388 (plaintiff's claim for false arrest on a warrant accrued at the time of arrest because he was detained pursuant to legal process); *Klein v. Steinkamp,* 44 F.4th 1111, 1114-15 (8th Cir. 2022) (unlawful seizure claim accrues at time of seizure); *Milliman v. Drive License Compact Commissioner*, 2016 WL 11486913, at *4 (D. Minn. May 23, 2016) (§ 1983 claim alleging unlawful traffic stop in violation of the Fourth Amendment accrues when stop occurs); *Rassier v. Sanner*, 996 F.3d 832, 837 (8th Cir. 2021) (accrual occurs when "the plaintiff can file suit and obtain relief.") (cleaned up). Plaintiff's filing of the complaint on December 9, 2024, is therefore outside Missouri's five-year limitations period and untimely on its face.[4]

In opposition to Trooper Bondurant's motion to dismiss, plaintiff concedes that he filed this case outside the statute of limitations but argues that his untimely filing should be excused because he had "scheduling confusion" between this case and his other case currently pending before Judge Ross, which also names the City of St. Ann as a defendant. Plaintiff goes on to state that because of his confusion

---

[4] Plaintiff argues that he did not "discover" his claims for four years, presumably when he was notified of the class action pending before the Honorable Judge Pitlyk. *See* ECF 302 in 4: 16 CV 1302 SEP (order granting preliminary approval of class action settlement and authorizing notice to potential class members in October of 2023). But notification of a class action lawsuit of which he was a potential member is not relevant for purposes of determining when his claims at issue in this case accrued.

8

he thought "it was desirable to allow as much time to elapse as possible before filing this complaint." ECF 16 at 3 (cleaned up).

The Court interprets plaintiff's arguments liberally to request equitable tolling of the limitations period. When a federal court borrows a state's statute of limitations, it must also borrow the state's equitable tolling rules unless doing so "would defeat the goals of the federal statute at issue." *Hardin v. Straub*, 490 U.S. 536, 539 (1989). Missouri "courts have applied statutes of limitations with some strictness, and exceptions and estoppels have been rather grudgingly found." *City of Carthage, Missouri v. Union Pacific Railroad Co.*, 61 F.4th 565, 570 (8th Cir. 2023) (cleaned up). In Missouri, "statutes of limitation may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions." *State ex rel. Church & Dwight Co., Inc. v. Collins*, 543 S.W.3d 22, 26 (Mo. 2018) (cleaned up). The doctrine of equitable tolling applies where "the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." *Ross v. Union Pac. R.R. Co.*, 906 S.W.2d 711, 713 (Mo. 1995), quoted in *Adams v. Div. of Emp't Sec.*, 353 S.W.3d 668, 673 (Mo. Ct. App. 2011). Missouri "courts do not forgive late filings,

9

however, where the fault for missing the statutory deadline is more directly attributable to the plaintiff." *Ross*, 906 S.W.2d at 713 (cleaned up).

Any "confusion" caused by plaintiff's two lawsuits against the City of St. Ann is his own doing and is not a valid basis for equitable tolling under even the most generous interpretation of Missouri's equitable tolling rules. As plaintiff's own choices caused him to miss the statute of limitations deadline, the court cannot forgive his late filing. *See Ross*, 906 S.W.2d at 713.

Plaintiff has not argued that his case is timely based upon the previously filed class action, and it is his burden under these circumstances to prove by a preponderance of the evidence that the statute of limitations was in fact tolled based upon this prior case. *See Varner*, 371 F.3d at 1016. Nevertheless, the Court has also considered the argument that the pendency of the prior class action renders the filing of this case timely. Upon due consideration, it does not.

The Missouri savings statute provides that "[i]f any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, . . . such plaintiff may commence a new action . . . within one year after such nonsuit suffered . . . ." Mo. Rev. Stat. § 516.230. Assuming that the savings statute would apply to plaintiff's claims as an unnamed class member, Missouri courts interpreting the savings statute have consistently held that the parties in the two suits must be the same in

10

order for it to apply. *See, Foster v. Pettijohn*, 213 S.W.2d 487, 490-91 (Mo. 1948); *Centerre Bank of Kansas City, Nat. Ass'n v. Angle*, 976 S.W.2d 608, 616 (Mo. Ct. App. 1998); *see also BIS Investments, LLC v. Bank of Am., N.A.*, Cause No. 4:12 CV 195 CDP, 2012 WL 2128032, at *2 (E.D. Mo. 2012), *aff'd*, 498 F. App'x 668 (8th Cir. 2013).  As Trooper Bondurant was not a defendant in the class action suit, any potential argument that Missouri's saving statute renders this action timely fails as to him.

There is also no indication that the claim brought against the City of St. Ann in this case is the same claim at issue in the prior action.  Plaintiff was not a named class member in the class action complaint and there are no factual allegations regarding the City of St. Ann in this complaint at all.  As the Missouri savings statute only "applies where the cause of action in the second suit is the same cause of action alleged in the first suit," *Centerre Bank*, 976 S.W.2d at 616, the Court cannot conclude that Missouri's savings statute would render plaintiff's claim against the City of St. Ann timely.

 Plaintiff's bare-bones argument that there was a "judgment in his favor" in the class action case is incorrect.  There was no judgment against the City of St. Ann entered in that case.  Instead a settlement was reached which specifically recognizes that "by entering into the Settlement Agreement, Defendant City of St. Ann, Missouri has not admitted any wrongdoing or liability on its part and denies

the same." ECF 311 in 4:18 CV 1302 SEP (Memorandum and Order Granting Final Approval of Class Action Settlement). Moreover, plaintiff asked to be dismissed from the class action. Therefore, nothing in that case, including the terms of the settlement, was "in his favor."

Plaintiff's complaint is barred by the statute of limitations and accordingly must be dismissed.

## Trooper Bondurant's Motion to Dismiss

In addition to being barred by the statute of limitations, plaintiff's complaint is subject to dismissal for additional reasons. Plaintiff does not allege how Trooper Bondurant violated the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

Contrary to plaintiff's argument, his complaint does not state a claim that Trooper Bondurant violated his Fourteenth Amendment right to travel. Even if it did it would be dismissed. The constitutional right to travel embraces three different components, none of which have been pleaded here: "It protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999).

12

Plaintiff alleges that he was stopped in Missouri by a member of the Missouri Highway Patrol.  There is no allegation that he was traveling from one state to another.  States may legitimately enforce conventional traffic regulations without violating the right to travel.  *See Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 995 (8th Cir. 2016) (cleaned up); *see also Seppanen v. Brown County Sheriff's Dept. Official Capacity*, 2025 WL 239137, at *4 (N.D.S.D. Jan. 17, 2025) (dismissing pro se right to travel claim brought by motorist stopped for traffic violation).  Accordingly, plaintiff's Fourteenth Amendment right to travel claim is dismissed.

Nor has plaintiff sufficiently alleged any other violation of the Fourteenth Amendment.  The Eighth Circuit Court of Appeals has held that any deprivation of rights before a criminal trial is governed by the Fourth Amendment's prohibition on unreasonable seizures and does not invoke Fourteenth Amendment due process rights.  *Johnson v. McCarver*, 942 F.3d 405, 410–11 (8th Cir. 2019).  Any claim arising out of his arrest pursuant to a traffic stop implicates the Fourth, not the Fourteenth, Amendment.  Therefore, plaintiff's Fourteenth Amendment claims are dismissed.

Plaintiff fails to state a Sixth Amendment claim.  The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.  Plaintiff's complaint pleads no basis for a Sixth Amendment claim, and the Court finds none.  Accordingly, plaintiff's Sixth Amendment claims are dismissed.

That leaves the Fourth Amendment, which protects against unreasonable searches and seizures.  U.S. Const. amend. IV.  "Under the Fourth Amendment, a traffic stop is reasonable if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred."  *United States v. Rederick*, 65 F.4th 961, 965 (8th Cir. 2023) (cleaned up).  "Any traffic violation, however minor, provides probable cause for a traffic stop."  *United States v. Virrueta*, 121 F.4th 706, 709 (8th Cir. 2024) (cleaned up).  "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."  *Id.* (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)).  Here, plaintiff alleges that Trooper Bondurant pulled him over for speeding and failing to use a turn signal, traffic violations which provide probable cause for the traffic stop and defeat any Fourth Amendment claim based on the traffic stop.

14

Plaintiff brings suit under 42 U.S.C. § 1983, which "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (cleaned up). "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official' own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). To the extent plaintiff's pro se complaint attempts to hold Trooper Bondurant responsible for the conduct of the City of St. Ann, it is dismissed with prejudice as violative of this rule. For this reason, the Court considers each of Trooper Bondurant's actions individually.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *Hernandez v. Mesa*, 582 U.S. 548, 554 (2017) (cleaned up). To determine whether a defendant is entitled to qualified immunity, the Court must "conduct a two-step inquiry: (1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation." *Solomon v. Petray*, 795 F.3d 777, 786 (8th Cir. 2015) (cleaned up). A right is clearly established if "the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing

15

violates that right. "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (cleaned up).

To the extent plaintiff alleges that he was falsely arrested by Trooper Bondurant based on an outstanding warrant, plaintiff's complaint fails to allege facts necessary to state a claim. "An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988); *see also Young v. City of Little Rock*, 249 F.3d 730, 734 (8th Cir. 2001) (arrest was not unreasonable under Fourth Amendment and did not give rise to claim under § 1983 when officer's car computer showed existence of arrest warrant, which was verified over police radio); *Moiser v. Blum*, 875 F.2d 202, 204 (8th Cir. 1989) (citing false arrest cases holding that arrest executed pursuant to a facially valid warrant generally does not give rise to cause of action under § 1983 against arresting officer).

Here, plaintiff's complaint is devoid of any facts about the nature of the warrant. In his "Affidavit of Truth" filed in opposition to dismissal, plaintiff avers that he was arrested on a "traffic warrant or, in other words a warrant for less than a felony or breach of the peace and thus, a non-arrestable offense from an unlawful warrant." ECF 16-1. Plaintiff further avers that the "case resulting from the arrest

16

warrant was eventually dismissed by the City of St. Ann without conviction showing that the warrant was unlawfully issued and thus, unconstitutional." *Id.* Plaintiff does not provide a copy of his arrest warrant, nor does he provide any details regarding the nature of the warrant, other than his characterization of it as a "traffic warrant."

Plaintiff's complaint against Trooper Bondurant is based on his belief that a warrant and his arrest based on that warrant are unlawful if issued for a traffic violation.[5] However, at the time of plaintiff's arrest, a valid warrant, which included a bench warrant for an unpaid traffic ticket, "provided probable cause for an arrest." *Wood v. Wooten*, 986 F.3d 1079, 1081 (8th Cir. 2021) (cleaned up). Thus even if plaintiff's warrant was for a "traffic violation," the Court cannot infer that the warrant was facially invalid or that the subsequent arrest on that outstanding warrant was per se unconstitutional.

And even if plaintiff's warrant was not actually (as opposed to facially) valid, Trooper Bondurant would still be entitled to qualified immunity because plaintiff does not allege any facts from which an inference can be drawn that reasonable state troopers in Trooper Bondurant's position would have known that

---

[5] Effective August 28, 2024, "no court shall issue a warrant of arrest for a person's failure to respond, pay the fine assessed, or appear in court with respect to a traffic citation issued for an infraction under the provisions of this chapter." Mo. Rev. Stat. § 307.018. This law, however, was not in effect in 2019 at the time of plaintiff's stop and arrest.

17

plaintiff's arrest was illegal despite the existence of the warrant. *See Galarnyk v. Fraser,* 687 F.3d 1070, 1074 (8th Cir. 2012) ("In a claim for damages, officers are entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable—that is, officers are not liable if they had arguable probable cause to make the arrest.") (cleaned up); *Stigall v. Madden,* 26 F.3d 867, 869 (8th Cir. 1994) ("The arrest warrant itself, however, shields the sheriff's deputy from liability for executing it, unless a reasonably well-trained officer would have known that the arrest was illegal despite the magistrate's authorization.") (cleaned up); *Edwards v. Baer,* 863 F.2d 606, 607–08 (8th Cir. 1988) (police officer who believed outstanding traffic warrant justified arrest, but warrant was actually invalid, was entitled to qualified immunity from § 1983 invalid-arrest claim because officer "could have believed that a warrant existed and that he had legal authority to make an arrest based on that warrant").

Moreover, plaintiff's complaint alleges that he was pulled over for speeding and failing to use a turn signal, which are violations of Missouri law. "An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *United States v. Torres-Lona*, 491 F.3d 750, 755-56 (8th Cir. 2007). "A traffic violation, no matter how minor, gives

18

probable cause for a traffic stop.  Officers may arrest individuals for minor infractions." *Wooten*, 986 F.3d at 1081 (cleaned up).  Trooper Bondurant, then, had probable cause to arrest plaintiff either on a warrant or without a warrant for his traffic violations.  *See id.*

Nor does plaintiff's claim survive dismissal with an allegation that he was arrested only after he refused to tell Trooper Bondurant his place of employment, as  an officer's "alleged motive for the arrest cannot vitiate an otherwise lawful arrest." *Wooten,* 986 F.3d at 1081.  Finally, the mere fact that the charges against plaintiff were ultimately dismissed does not demonstrate that he was falsely arrested.  *See McAdoo v. Snyder*, 2023 WL 7002615, at *2 (E.D. Mo. Oct. 24, 2023) (granting motion to dismiss on false arrest claim as subsequent dismissal of charges does not demonstrate that officer did not have probable cause to arrest).

Under the facts alleged, Trooper Bondurant has qualified immunity from plaintiff's Fourth Amendment claims and must be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(6).

<u>City of St. Ann's Motion to Dismiss</u>

The City of St. Ann moves for dismissal of plaintiff's complaint on the grounds that he has failed to adequately allege any constitutional violations[6] or

---

[6] In opposition to Trooper Bondurant's motion to dismiss, plaintiff explained that his Fourteenth Amendment claim related to his right to travel.  However, the Court also agrees with the City's

municipal liability.  Not only has plaintiff failed to allege any constitutional violations for the reasons set out above, but the complaint contains no factual allegations whatsoever against the City of St. Ann.

"A municipality may only be liable for a constitutional violation resulting from (1) an official municipal policy, (2) an unofficial custom, or (3) failure to train or supervise." *Poemoceah v. Morton Cnty.*, *North Dakota*, 117 F.4th 1049, 1057 (8th Cir. 2024) (cleaned up).  Plaintiff fails to allege any facts which amount to any official policy or unofficial custom attributable to the City of St. Ann in this matter, and there are no allegations respecting the failure to train or supervise Trooper Bondurant.[7]  As a municipality cannot be held vicariously liable under § 1983 for the unconstitutional conduct of its agents or employees, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), plaintiff has not alleged any basis for municipal liability in this case.[8]

---

argument that plaintiff failed to allege any facts supporting an Equal Protection claim against the City, either.  "The Equal Protection Clause requires that the government treat all similarly situated people alike. The Supreme Court recognizes an equal protection claim for discrimination against a 'class of one.'  A class-of-one claimant must prove that the State intentionally treated it differently from others similarly situated and that there is no rational basis for the difference in treatment." *Palmore v. City of Pacific,* 851 F. Supp. 2d 1162, 1170 (E.D. Mo. 2010) (cleaned up).  Plaintiff's complaint does not allege the elements of an Equal Protection violation.

[7] Given that Trooper Bondurant is a member of the Missouri Highway Patrol, not an officer with the City of St. Ann, the Court finds it doubtful that such allegations could be made in this case or that the Court would be required to accept them as true.

[8] The Court agrees with the City of St. Ann that, even if plaintiff had stated claims against it, he would not be entitled to recover punitive damages from the municipality.  *See City of Newport v.*

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [10, 22-1] are granted, and plaintiff's complaint is dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of Clerk's default against the City of St. Ann [28] is denied, as I have already granted defendant leave to file its motion to dismiss.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2025.

_____

*Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("A municipality is immune from punitive damages under 42 U.S.C. § 1983.") (cleaned up).  The Court need not reach the City's argument that it has sovereign immunity from common law tort claims as plaintiff's complaint alleges only constitutional claims.

21